## WILCOLATOR CO. v. SEARS, ROEBUCK & CO. et al.
### No. 1217.

District Court, D. Delaware.

Oct. 21, 1938.

E. Ennalls Berl (of Ward & Gray), of Wilmington, Del., and Dean S. Edmonds, Charles W. Riley, and Daniel V. Mahoney (of Pennie, Davis, Marvin & Edmonds), all of New York City, for plaintiff.

Robert H. Richards, Jr. (of Richards, Layton & Finger), of Wilmington, Del., and James A. Carr and Joseph J. Gravely (of Carr, Carr & Gravely), all of St. Louis, Mo., for defendant Sears, Roebuck & Co.

NIELDS, District Judge.

Hearing on plaintiff's objections to interrogatories of defendant Sears, Roebuck and Company.

The interrogatories fall into two general groups. The first group [Nos. 1 to 10 inclusive, 13, and 21 to 24 inclusive] inquires concerning devices made and sold by plaintiff before February 5, 1932. The other group [11, 12, and 14 to 20 inclusive] inquires concerning the thermo-responsive liquid used by plaintiff in making thermostatic regulators of the type illustrated and described by the patent in suit asking the trade name of the liquid, the names and addresses of the concerns from whom it was obtained and the whole of plaintiff's correspondence with those concerns relating thereto.

Plaintiff objects to interrogatory No. 1 as immaterial to any issue raised by the pleadings. Plaintiff further objects to interrogatories Nos. 1 to 24 inclusive because they amount to "fishing".

All interrogatories must be relevant and material to the issue framed by the pleadings.

The first group inquires concerning devices made and sold by plaintiff prior to February 5, 1932, a time two years or more before the filing date of the patent in suit. In the bill of complaint plaintiff avers that it is owner of patent No. 1,978,-362 granted October 23, 1934, for a Thermostatic Regulator upon application filed by plaintiff as assignee of Edward L. Fonseca on February 5, 1934. As a defense to this complaint, the said defendant avers in its answer that more than two years before February 5, 1934, plaintiff was offering for sale and had sold thermostatic regulators embodying the alleged invention claimed in said patent whereby plaintiff abandoned all right therein. The first group of interrogatories are material to the issue thus framed by the pleadings and tend to support the defense alleged in the answer. The first group should be answered.

The other group [Nos. 11, 12 and 14 to 20 inclusive] inquires about the

thermo-responsive liquid used by Fonseca in making his regulators. They inquire what the liquid was, the names of the concerns from whom it was obtained, whether the liquid had been made before, whether it was made on special order for plaintiff, whether it was treated by chlorination before use, whether it was known under a certain trade name, and how much was purchased on the first order given by plaintiff. These queries are not material upon the question of the prior invention by another. Moreover, the information called for by these interrogatories can be obtained by taking the depositions of the parties named in interrogatory No. 14. To require plaintiff to produce its correspondence naming the companies supplying it with the thermo-responsive liquid used in the patented regulators is a fishing expedition and objectionable as such. The second group of interrogatories need not be answered.